**IT IS ORDERED as set forth below:**



**Date: September 30, 2025**

_____
**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| JONELLE LESLEY HEPBURN, | CASE NO. 25-57411-PWB |
| Debtor. | |
| | CHAPTER 7 |
| JONELLE LESLEY HEPBURN, | |
| Movant, | |
| v. | |
| 3151 STILLHOUSE CREEK DRIVE (GA) LLC d/b/a ROWE VININGS, | MOTION FOR STAY PENDING APPEAL |
| Respondent. | |

ORDER DENYING MOTION FOR STAY PENDING APPEAL

On September 9, 2025, the Debtor filed a pro se Motion for Leave to Appeal and a Notice of Appeal of the Order granting 3151 Stillhouse Creek Drive (GA) LLC d/b/a Rowe Vinings' motion for relief from the automatic stay with respect to the lease of residential property. [Doc. 44, 45]. On September 23, 2025, the Debtor filed an Amended Motion for Leave to Appeal, Designation of Items to Be Included in the Record on Appeal and Issues on Appeal, and Statement of Evidence. [Doc. 59, 61, 62]. In connection with the appeal, the Debtor has filed a Motion for Stay Pending Appeal. [Doc. 60].[1] For the reasons stated herein, the Motion for Stay Pending Appeal is denied.

The Debtor's appeal arises from an order modifying the automatic stay. On August 20, 2025, the Court conducted a hearing on a motion for relief from the automatic stay with respect to the Debtor's lease of property located at 3151 Stillhouse Creek Drive, S.E. Apt. 17211, Atlanta, Georgia, filed by the Debtor's landlord, 3151 Stillhouse Creek Drive (GA) LLC d/b/a Rowe Vinings ("the Landlord"). The Court heard extended argument from the Debtor in opposition to the motion and counsel for the Landlord.[2] The Court granted the motion for relief from stay because, as it

---

[1] The Debtor filed the Motion for Stay Pending Appeal in the Bankruptcy Court. The motion itself states, "I am filing this motion for stay pending appeal *with the District court* pursuant to Bankruptcy Rule 8007." [Doc. 60 at ¶ 2 (emphasis added)]. The Debtor has also filed a Motion for Stay Pending Appeal in the appeal before the District Court. [25-cv-05204-WMR, Doc. 5]. Because a debtor must typically seek a stay pending appeal first in the bankruptcy court, *see* FED. R. BANKR. P. 8007(a), and because this motion is pending before this Court, it is appropriate for the Court to rule upon it.

[2] The Court conducted the hearing using its Virtual Hearing Room via Zoom.

2

explained on the record, the Debtor was in default under the terms of the lease, she stated she did not intend to assume the lease, and the disputes between the Landlord and the Debtor had no bearing on the fully administered chapter 7 case.

The Court entered an Order on August 26, 2025, granting the Landlord's motion, providing that "the automatic stay of 11 U.S.C. § 362 is modified to the extent necessary for [Landlord] to commence and complete dispossessory proceedings against Debtor pursuant to applicable state law and to assert any and all of its respective rights under applicable state law as to the Property. [Landlord] may proceed immediately in the dispossessory proceedings to obtain a court date and proceed with the case, including obtaining a writ of possession. The stay shall remain in effect for 30 days from the entry date of this Order, such that the [Landlord] cannot enforce or execute any writ of possession during this time." [Doc. 42] (the "Stay Relief Order").

The Debtor asserts four issues on appeal.[3] First, the Debtor contends that the Court erred when it allowed the Landlord's exhibits to the motion for relief from stay

---

[3]In the Debtor's original motion for leave to file an appeal, the Debtor asserted that the question presented on appeal of the Stay Relief Order was "whether the Order granting relief from stay during the hearing was issued while the Debtor, as Pro Se, in this case was suffering from mental incapacity in direct conflict with U.S. Const. Amend. XIV § 1." [Doc. 44 at 2]. In conjunction with the appeal, the Debtor filed a motion to seal an undocketed motion for stay pending appeal. The Court denied the motion to seal because it concluded that (1) the Health Insurance Portability and Accountability Act ("HIPAA") did not provide a basis for sealing the undocketed motion for stay pending appeal when the Debtor herself has put her medical condition at issue; and (2) the Debtor was unlikely succeed on the merits of her appeal and, therefore, no basis existed granting the Motion for Stay Pending Appeal. [Doc. 53]. It is unclear whether the Debtor has abandoned this ground for appeal.

3

"which were proven by the Debtor to be untrue." [Doc. 61 at 3, ¶ 1]. Second, the Debtor asserts that the Court erred when it "[f]ailed to deny the motion on procedural grounds, as objected to by the Debtor, for supplying the court with inaccurate and untrue copies of exhibits in support of the motion." [Doc. 61 at 4, ¶ 2]. Third, the Debtor asserts that the Court erred when it "[f]ailed to consider the irreparable harm lifting the stay would have on this case, the Debtor's inability to proceed, and the court's time and resources already spent." [Doc. 61 at 4, ¶ 3]. Finally, the Debtor asserts, "Written statements made on an order by the presiding bankruptcy Judge demonstrate that untrue copies of documents was [sic] used as evidence to decide on the order to modify the stay." [Doc. 61 at 4, ¶ 4].

The Court has reviewed the Stay Relief Order, the Landlord's motion, the Debtor's response, and the audio recording of the hearing on the Landlord's motion for relief from the automatic stay. Based upon the Court's review, it concludes that no basis exists for granting the Debtor's motion for stay pending an appeal.

In determining whether a discretionary stay pending appeal should be granted, courts have applied a four factor test that considers the following: (1) the likelihood the movant will prevail on the merits on appeal; (2) whether, absent a stay, the movant will suffer irreparable damage; (3) whether the adverse party will suffer no substantial harm from the issuance of the stay; and (4) whether the public interest will be served, rather than disserved, by issuing the stay. *In re Gay*, 2005 WL 6487208, at *1 (Bankr. N.D. Ga. June 24, 2005).

Whether the appellant is likely to prevail on the merits of the appeal is typically the most important factor in considering whether to grant a stay pending appeal. But the movant may also be entitled to a stay pending appeal upon a lesser showing of a "substantial case on the merits" when "the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).

The Court reaches the conclusion that the Debtor has failed to establish an entitlement to a stay pending appeal because she is unlikely to prevail on the merits of her appeal or, under the lesser standard, that she has a substantial case on the merits.

A hearing on a motion for relief from stay is a "summary proceeding of limited effect." *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33 (1st Cir. 1994); *see Strickland v. Wells Fargo Bank*, 2014 WL 7003772 (M.D. Ga. Dec. 10, 2014); *In re Dees*, 2021 WL 3671110 (Bankr. N.D. Ga. Aug. 12. 2021), *aff'd sub nom., Dees v. New Rez LLC,* 2022 WL 3030548 (N.D. Ga. Jul. 29, 2022); *In re Ohuche*, 2013 WL 937571 (Bankr. N.D. Ga. Feb. 5, 2013).

The *Grella* court explained, 42 F.3d at 33-34:

The statutory and procedural schemes, the legislative history, and the case law all direct that the hearing on a motion to lift the stay is not a proceeding for determining the merits of the underlying substantive claims, defenses, or counterclaims. Rather, it is analogous to a preliminary injunction hearing, requiring a speedy and necessarily cursory determination of the reasonable likelihood that a creditor has a

5

legitimate claim or lien as to a debtor's property. If a court finds that likelihood to exist, this is not a determination of the validity of those claims, but merely a grant of permission from the court allowing that creditor to litigate its substantive claims elsewhere without violating the automatic stay.

A hearing on a motion for relief from stay is not designed to resolve substantive claims between parties. Its purpose is to permit a creditor who asserts a colorable claim to obtain relief from stay to adjudicate its rights elsewhere pursuant to nonbankruptcy law. In this case, that is the Landlord's right to obtain a writ of possession in the appropriate county magistrate court pursuant to the laws of the state of Georgia. It also affords the Debtor the right to assert any and all substantive claims and defenses to the Landlord's course of action in the forum designated by Georgia law for their resolution.

As the Court previously explained in its Order denying the Motion to Seal [Doc. 53], a chapter 7 case is not a vehicle for resolving landlord-tenant disputes, especially where the Debtor is in default under the terms of the lease by failing to make payments and because she affirmatively stated that she did not intend to assume the residential lease. A landlord-tenant dispute is not an asset that a chapter 7 trustee may administer to the extent it is an asset at all. Indeed, the chapter 7 trustee's report of no distribution and statement that the estate has been fully administered made August 11, 2025 ends that inquiry. The disputes between the Landlord and the Debtor have no bearing upon this chapter 7 case and any disputes the Debtor wishes to raise may be brought in a nonbankruptcy forum.

6

Because a hearing on a motion for relief from the automatic stay is a summary proceeding and because the bankruptcy court is not adjudicating substantive rights of the Landlord and the Debtor with respect to their underlying claims, the Debtor is unlikely to prevail on the merits of her appeal. Nevertheless, the Court will address the four errors the Debtor contends the Court committed in granting the motion for relief from the automatic stay.

First, the Debtor contends the Court erred when it allowed the Landlord's exhibits to the motion for relief from stay "which were proven by the Debtor to be untrue." [Doc. 61 at 3, ¶ 1]. This assertion is simply wrong for two reasons. As an initial matter, the Court did not "allow" exhibits to the motion for relief from stay. The Landlord attached exhibits, namely a purported lease agreement, to its motion, as any party is free to do, but the exhibits were neither introduced into evidence nor admitted into evidence by the Court. And the exhibits were not "proven by the Debtor to be untrue" because, again, the Debtor did not introduce any evidence, and the Court did not admit any evidence by the Debtor or the Landlord. Although the Debtor filed a response to the motion for relief from the automatic stay that disputes the validity or accuracy of the exhibits [Doc. 36], her response did not "prove" as a fact anything.[4]

Second, the Debtor asserts that the Court erred when it "[f]ailed to deny the motion on procedural grounds, as objected to by the Debtor, for supplying the court

---

[4] The exhibit attached to the Landlord's motion is an unsigned lease between the Debtor and the Landlord. The exhibits attached to the Debtor's response include two signature pages purportedly executed by the Debtor and a representative of the Landlord that contain additional conditions or statements handwritten by the Debtor.

7

with inaccurate and untrue copies of exhibits in support of the motion." [Doc. 61 at 4, ¶ 2]. This misses the point of the Court's ruling. The following undisputed facts served as grounds for lifting the automatic stay: (1) the Debtor resided in property leased by the Landlord; (2) the Debtor affirmatively stated at the hearing she did not intend to assume the lease; (3) the Debtor defaulted on payments owed to the Landlord; and (4) the Chapter 7 has filed a Report of No Distribution. The exhibits attached to the Landlord's motion were unnecessary for the Court to reach its conclusions. And to the extent that the Debtor contends that the exhibits that each party relies upon give rise to substantive claims or defenses to a dispossessory action, she may raise those in a nonbankruptcy forum since there is no bankruptcy purpose to be served here.

Third, the Debtor asserts that the Court erred when it "[f]ailed to consider the irreparable harm lifting the stay would have on this case, the Debtor's inability to proceed, and the court's time and resources already spent." [Doc. 61 at 4, ¶ 3]. As the Court explained to the Debtor at the hearing, irreparable harm is not a factor in considering whether to lift the automatic stay. While the automatic stay may stay a dispossessory proceeding, such a stay is short-lived in chapter 7 if the Debtor does not assume the lease with the Landlord and cure the arrears owed. But contrary to the Debtor's assertion, the Court did consider her circumstances and, in its discretion, gave her, for all practical purposes, a considerable amount of time before any eviction could occur. [Doc. 42 at 2 ("The stay shall remain in effect for 30 days from the entry date of this Order, such that the Movant cannot enforce or execute any writ of possession during this time.")].

8

Fourth, the Debtor asserts the Court erred in granting relief from the automatic stay because "[w]ritten statements made on an order by the presiding bankruptcy Judge demonstrate that untrue copies of documents was [sic] used as evidence to decide on the order to modify the stay." [Doc. 61 at 4, ¶ 4]. It is unclear what the Debtor means by this statement, but the Court's Order speaks for itself.  Again, the Debtor affirmatively stated at the hearing that she did not intend to assume the lease; she defaulted in payments owed to the Landlord; and the Chapter 7 trustee has filed a Report of No Distribution.  Given these circumstances, no bankruptcy purpose existed for the continuation of the automatic stay and the parties retained (and continue to retain) any and all substantive claims and defenses regarding their dispute that could be raised in the appropriate nonbankruptcy forum.

For the foregoing reasons the Court concludes that the Debtor has failed to establish grounds for a stay pending the appeal of the Order modifying the automatic stay.  Accordingly, it is

ORDERED that the Debtor's motion for stay pending appeal [Doc. 60] is denied.

**END OF ORDER**

**Distribution List**

Jonelle Lesley Hepburn
Unit 17211
3151 Stillhouse Creek Dr SE
Atlanta, GA 30339

J. Mike Williams
Fowler Hein Cheatwood & Williams, P.A.
Suite 220 Park Central
2970 Clairmont Road
Atlanta, GA 30329

Kathleen Steil, Trustee
Ogier, Rosenfeld & Steil, P.C.
P.O. Box 1547
Decatur, GA 30031

U.S. Trustee
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303