**IT IS ORDERED as set forth below:**



**Date: October 27, 2025**

_____
**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

IN RE:

JONELLE LESLEY HEPBURN,

Debtor.

CASE NO. 25-57411-PWB

CHAPTER 7

## ORDER DENYING MOTION FOR RECUSAL

The Debtor, Jonelle Lesley Hepburn, seeks recusal of the Undersigned (hereinafter, "the Undersigned" or "the Court") pursuant to 28 U.S.C. § 455(a) due to "improper conduct and display of bias." [Doc. 67 at 1]. For the reasons stated herein, the motion for recusal is denied.

Section 455 of Title 28 governs the disqualification of federal judges, including bankruptcy judges, from acting in particular cases. Rule 5004 of the Federal Rules of Bankruptcy Procedure provides, "A bankruptcy judge's disqualification is governed

by 28 U.S.C. § 455. The judge is disqualified from presiding over a proceeding or contested matter in which a disqualifying circumstance arises--and, when appropriate, from presiding over the entire case." Of relevance to this particular case are the requirements that a judge shall disqualify himself in "any proceeding in which his impartiality might reasonably be questioned" or "where he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1).

In *Liteky v. United States*, 510 U.S. 540, 555 (1994), the United States Supreme Court explained:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

The standard for recusal is whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004). The test for recusal is objective, not subjective. *United States v. Corr*, 434 F.Supp. 408, 412-413 (S.D.N.Y. 1977) (the test for

2

disqualification under 28 U.S.C. § 455 "is not the subjective belief of the defendant or that of the judge, but whether facts have been presented that, assuming their truth, would lead a reasonable person reasonably to infer that bias or prejudice existed, thereby foreclosing impartiality of judgment.").

The challenged judge may rule on a recusal motion. *In re United States*, 158 F.3d 26, 34 (1st Cir. 1998); *Schurz Communications, Inc. v. FCC*, 982 F.2d 1057, 1059 (7th Cir. 1992).

The Debtor cites two instances that she contends show the Undersigned is either impartial or has displayed bias towards her that warrants recusal.

The first instance occurred at a hearing on the Debtor's Motion to Reconsider the Order Denying the Motion to Redact Already Filed Documents (the "Motion to Reconsider") [Doc. 34] on September 10, 2025. After hearing argument from the Debtor, the Court denied her Motion to Reconsider. [Doc. 51].

During the course of the September 10 hearing the Debtor also informed the Court that she had filed a Motion to Seal (the "Motion to Seal") [Doc. 21] an affidavit [Doc. 8] in support of her application to waive the filing fee in the case that disclosed medical information for which no ruling had been issued. At the September 10 hearing, the Court stated that it would review the Motion to Seal further but was inclined to deny it because (1) it did not see anything that would create a risk of identity theft; and (2) the Debtor voluntarily disclosed the information.

3

After further colloquy with the Debtor, the Court stated it would enter an order denying the Motion to Reconsider, it would further review the Motion to Seal, and, that if the Debtor disagreed with the Court's rulings, she was free to appeal the Orders. The Court further stated that if she appealed the Orders, the Court would not waive the filing fee for appealing either Order because it did not see a legal basis for an appeal, but such a ruling would be without prejudice to her right to seek a waiver of the appeal fee from the District Court.

The Debtor contends that the Court's statements regarding an intent to deny any potential request for waiver of the filing fee for an appeal of either or both Orders showed that he "could not be impartial" and that the Undersigned "used his judicial authority and prior knowledge of my financial status to dissuade and perhaps intimidate me from appealing his ruling." [Doc. 67 at 2]. Further, the Debtor contends that a request for waiver of a fee is based entirely on an applicant's ability to pay the fee and, therefore, that the Undersigned "went out of his way to state that he would deny any request I submit to waive the appeal fee." [*Id*.].

After the hearing, the Court entered an Order denying the Motion to Reconsider. [Doc. 51]. And, contrary to its initial inclination and after reviewing the Motion to Seal and affidavit, the Court *granted* the Debtor's Motion to Seal the affidavit containing a third party's medical information. [Doc. 52].

Based on the circumstances of the hearing, the Court's statements, and the Court's subsequent rulings, the Debtor's contentions do not state grounds for recusal from this case.

The Debtor's motion appears to rest on (1) the generalized grievance that because her request for relief was denied, the Court has displayed bias towards her;[1] and (2) the Court's statement that it did not believe an appeal of its order denying her Motion for Reconsideration had merit.

Adverse rulings by a court do not establish bias for purposes of disqualification. *In re Walker*, 532 F.3d 1304, 1311 (11th Cir, 2008). "Judicial rulings are grounds for appeal, not recusal." *Grove Fresh Distributors, Inc. v. John Labatt, Ltd.,* 299 F.3d 635, 641 (7th Cir. 2002) (*citing Liteky*, 510 U.S. at 555).

The Court made clear to the Debtor that she was free to appeal any Order with which she disagreed. The trial court has no authority (and none was asserted) to interfere with a litigant's right to appeal an order.

The Court's statement that it would deny any request to waive a filing fee for an appeal of its orders requires correction. It is not the bankruptcy court's role to rule on an in forma pauperis application on an appeal of its order; that is the District Court's role.

---

[1] As noted *supra*, notwithstanding its initial statement at the September 10 hearing that it would likely deny the Debtor's Motion to Seal an affidavit it, in fact, granted her motion which undermines her theory that the Court was incapable of being impartial.

5

But the Debtor's contention that her financial condition or ability to pay the fee for an appeal is the only factor in the decision to waive the fee is incorrect. Section 1915(a)(3) of Title 28 makes explicit that a fee waiver is subject not only to financial need, but that, "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

This Court has made no such certification. But even it if was inclined to do so (and the Court makes no such determination that it would), the Debtor did not file an appeal or seek leave to appeal the Court's denial of the Motion to Reconsider so any fee waiver for an appeal is either moot (based on a failure to timely appeal) or not ripe (based upon a lack of appeal at this time).[2] And, to be clear, any request for a waiver of the filing fee for an appeal is one that is decided by the District Court.

The second circumstance that Debtor contends warrants recusal is the Debtor's characterization that the Undersigned took actions and made statements "that resulted in him making a medical determination on my mental and physical health during a Zoom hearing held on August 20, 2025." [Doc. 67 at 3].

The context for the Debtor's assertion is that on August 20, 2025, the Court conducted a hearing on a motion for relief from the automatic stay with respect to the Debtor's lease of property located at 3151 Stillhouse Creek Drive, S.E. Apt. 17211, Atlanta, Georgia, filed by the Debtor's landlord, 3151 Stillhouse Creek Drive (GA)

---

[2] The Court makes no determination on the finality of the Order denying the Motion to Reconsider for appellate purposes.

6

LLC d/b/a Rowe Vinings ("the Landlord"). The Court heard extended argument from the Debtor in opposition to the motion and counsel for the Landlord. The Court granted the motion for relief from stay because, as it explained on the record, the Debtor was in default under the terms of the lease, she stated she did not intend to assume the lease, and the disputes between the Landlord and the Debtor had no bearing on the fully administered chapter 7 case.

Later, the Debtor filed an appeal [Doc. 45] and a motion for leave to file an appeal [Doc. 44] asserting as the issue on appeal whether "whether the Order granting relief from stay during the hearing was issued while the Debtor, as Pro Se, in this case was suffering from mental incapacity in direct conflict with U.S. Const. Amend. XIV § 1." [Doc. 44 at 2].

The Debtor then filed a Motion to File Under Seal an undocketed Motion for Stay Pending Appeal. [Doc. 47]. The Debtor sought to seal the undocketed Motion to Stay Pending Appeal because it attached physician notes, diagnoses, and prescriptions regarding the Debtor's medical condition. The undocketed Motion for Stay Pending Appeal also contained a narrative from the Debtor regarding (1) diagnoses; (2) how such diagnoses affected her participation at the August 20 hearing; and (3) how such diagnoses suggest that her appeal is meritorious.

The Court issued a thorough Order denying the Motion to File Under Seal and directing the Clerk of Court to return the undocketed Motion for Stay Pending Appeal. [Doc. 53]. The Court's decision was based upon two reasons: (1) the Health

7

Insurance Portability and Accountability Act ("HIPAA") does not provide blanket protection from the disclosure of private medical information, especially when the Debtor herself has put her medical condition at issue; and (2) the Debtor was unlikely to succeed on the merits of her appeal and, therefore, there was no basis for granting the undocketed Motion for Stay Pending Appeal. And if there was no basis for granting the undocketed Motion for Stay Pending Appeal, the Motion to File Under Seal was moot because it is not a filed document. *Id.*

The Debtor takes issue with the fact that in its Order denying the Motion to File Under Seal, the Court stated it had reviewed the audio recording of the August 20, 2025 hearing and, in her words, the Court "made a medical determination which is not only inaccurate but also harmful" and because its "conclusion" about the state of her physical and mental health "was beyond the scope of his authority and the motion itself." [Doc. 67 at 3-4].

The Court made no ruling about the Debtor's medical conditions; instead the Court's conclusion that the Debtor was unlikely to succeed on the merits of an appeal was based upon the simple and straightforward facts of the case: namely a chapter 7 case in which the trustee has filed a report of no distribution is not a vehicle for resolving landlord-tenant disputes, especially where the Debtor is in default and affirmatively states that she does not intend to assume the residential lease; and the fact that the Debtor had not addressed the merits of the Court's ruling in her undocketed motion for stay pending appeal.

8

The Court did indeed observe that the Debtor "appeared on time and prepared, participated fully, asked questions and presented her argument in a straightforward and clear manner, raised no issue of physical or mental impairment, and did not display any indication of impairment to the Court" [Doc. 53 at 7] but that observation is secondary to the factual and legal reasons she was unlikely to succeed on the merits of an appeal.

If the Debtor suffered from a medical impairment at the August 20 hearing that would be grounds for appeal of the Court's Order modifying the automatic stay, she is absolutely free to raise that issue in both her appeal and in a motion for a stay pending appeal before the District Court. Nothing in the Court's Orders prevents her from raising these issues before the District Court. And nothing in the Court's Orders warrants recusal in any further proceedings before the Undersigned.

The Court's acknowledgment of the Debtor's demeanor, participation, and preparation at a hearing is not a "medical opinion." Making such an observation is not a demonstration of bias but is simply an observation of a party's level of participation and credibility.

As stated in *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004), the standard for recusal is whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."

9

The Undersigned is confident that an objective observer fully informed of the facts of this case and the motion for recusal would not entertain a significant doubt about his impartiality.

Based on the foregoing, the Court concludes that the Debtor has failed to establish that the Undersigned's "impartiality might reasonably be questioned" or that he "has a personal bias or prejudice concerning a party" that would warrant recusal pursuant to 28 U.S.C. § 455(a) and (b)(1). Accordingly, it is

ORDERED that the Debtor's Motion for Recusal [Doc. 67] is denied.

**END OF ORDER**

**Distribution List**

Jonelle Lesley Hepburn
Unit 17211
3151 Stillhouse Creek Dr SE
Atlanta, GA 30339

J. Mike Williams
Fowler Hein Cheatwood & Williams, P.A.
Suite 220 Park Central
2970 Clairmont Road
Atlanta, GA 30329

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303